UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| In re | ) | Chapter 13 |
| | ) | |
| | ) | Case No. 12-21029-pp |
| GREGORY MOORE, | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO REQUIRE THE TURNOVER OF EXCESS INSURANCE PROCEEDS**

After filing for bankruptcy, the Debtor was in a car accident. The vehicle was being paid through the Chapter 13 Plan, and was subject to a lien held by Landmark Credit Union ("LMCU"). The accident rendered the vehicle useless and insurance proceeds from the other driver have been tendered. LMCU would like to retain all of the insurance proceeds, while the Debtor believes that only the secured portion of LMCU's claim should be paid and the balance of the proceeds should be remitted to the Debtor or Trustee. Mr. Moore respectfully submits this memorandum in support of Plaintiff's Motion to require the turnover of the insurance proceeds that exceed LMCU's secured claim.

## **JURISDICTION**

This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(g) and the court has jurisdiction under 28 U.S.C. § 1334.

## ARUGMENT

### THE INSURANCE PROCEEDS ARE PROPERTY OF THE BANKRUPTCY ESTATE

As stated in the debtor's first proposed Chapter 13 Plan (Dkt No. 5) that was later confirmed by this Court (Dkt. No. 19), all property of the estate is vested in the estate until discharge. Accordingly, the insurance proceeds should be deemed to belong to the bankrupty estate under 11 U.S.C. § 451(a)(6). See *In re Hoffmeister*, 191 B.R. 875, 878 (D. Kan. 1996).

### LMCU DOES NOT HAVE A SECURITY INTEREST IN THE INSURANCE PROCEEDS FOR THE UNSECURED PORTION OF THEIR CLAIM

The Supreme Court of the United States has consistently held that property interests are created and defined by state law. *Butner v. United States*, 440 U.S. 48, 55, 99 S. Ct. 914, 918, 59 L. Ed. 2d 136 (U.S.N.C. 1979). Under state law, LMCU has a security interest in the insurance proceeds because of their valid state law lien in the vehicle that was damaged. These right are enumerated in Wis. Stat. § 409.203(6) stating, "Unless otherwise agreed a security agreement gives the secured party the rights to proceeds provided by s. 409.315." Facially, this statute would support LMCU in their quest to retain the full insurance proceeds. However, the definition of "proceeds" is curtailed to the value of the collateral by Wis. Stat. § 409.102(ps).

We now turn to the implications of the Bankruptcy Code as it impacts the issue of "value of collateral" and the security interest granted to LMCU under state law. To the degree that state law grants LMCU a security interest, the Bankruptcy Code whittles it down as:

> Section 506 modifies the rights of creditors, secured by a lien under state law, by allowing their claims to be treated as unsecured if the value of the creditor's collateral is less than the amount of the claim. If § 506 does not apply, the rights of the secured creditor under state law are not modified and the claim remains fully secured.

See *In re Zehrung*, 351 B.R. 675, 677 (W.D. Wis. 2006).

Under 11 U.S.C. § 506(a) LMCU only has security interest up to the "value of the car when the claim is determined." *In re Hardin*, 375 B.R. 506, 513 (Bankr. E.D. Wis. 2007). Because "[t]he overwhelming majority of the cases reviewed by the court restrict the creditor's recovery of insurance proceeds to its allowed secured claim." this court should follow the holding in *In re Hardin* and grant the debtor's motion. *Id.* at 509. See also *In re Stevens*, 130 F.3d 1027, 1030 (11th Cir. 1997), *In re Dale*, 582 F.3d 568, 570 (5th Cir. 2009).

Because the terms of the confirmed plan are binding on all creditors, LMCU cannot now seek a different valuation of its claim. See 11 U.S.C. §1327(a). This court confirmed a Chapter 13 Plan on May 29, 2012. See Dkt No. 19. In that Plan, the claim of LMCU was to be treated as a secured claim in the amount of $22,000 plus interest at a rate of 5.25%. LMCU did not object to that treatment and has been paid $9,230.04 leaving a principal balance of $12,768.96 on its secured claim.

## CONCLUSION

Based on the facts and existing law cited, the Debtor respectfully requests that the Court order that LMCU's interest in the insurance proceeds is limited to the amount of their secured claim and all funds over that amount should be remitted to the Debtor or Trustee.

DELADURANTEY LAW OFFICE, LLC

Dated: October 6, 2014

s/ Nathan E. DeLadurantey
Nathan E. DeLadurantey (WI Bar #1063937)
DeLadurantey Law Office, LLC
735 W. Wisconsin Avenue, Suite 720
Milwaukee, WI 53233
(414) 377-0515; (414) 755-0860 - Fax
nathan@dela-law.com

## CERTIFICATE OF SERVICE

   Caitlin York states under oath that she is over the age of 18 and a paralegal at DeLadurantey Law Office, LLC, attorneys for the debtor, and that on October 16, 2014, she delivered true and correct copies of the attached "Brief" and "Certificate of Service" via CM/ECF system to the following parties:

**Trustee Mary B. Grossman**
via CM/ECF

**Mark C. Darnieder**
**Attorney for Landmark Credit Union**
via CM/ECF